# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **JESSE JAMES PATTERSON, JR.,** ) | |
| Petitioner, ) | Civil Action No. 7:20CV340 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **WARDEN J.C. STREEVAL,** ) | By: Norman K. Moon |
| Respondent. ) | Senior United States District Judge |

Jesse James Patterson, Jr., a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a response in opposition to the petition. (Dkt. No. 8.) In it, respondent argues that the Court lacks jurisdiction over the petition and that, in any event, it fails on the merits.

For the reasons set forth herein, I conclude that this Court lacks jurisdiction over Patterson's § 2241 petition. I will therefore dismiss the petition without prejudice.

I.

Patterson was incarcerated at the United States Penitentiary ("USP") in Lee County, Virginia, at the time he filed the petition.[1] He alleges that he was convicted of a now non-criminal offense.

On August 12, 2016, Patterson was sentenced by the United States District Court for the Northern District of Georgia, Case No. 2:15-cr-00024, to twenty-four months' imprisonment after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appealed the denial of his motion to suppress, but the appeal was denied.

In his current petition before this Court, Patterson challenges the legality of his conviction for being a felon in possession of a firearm pursuant to *Rehaif v. United States*, 139 S.

---

[1] Patterson states that he is currently "in transit." (Dkt. No. 13.)

Ct. 2191 (2019), and *In re Jones*, 226 F.3d 328 (4th Cir. 2000). (Dkt. No. 1 at 6-7; Dkt. No. 1-1 at 1-3.)[2]

## II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); *see United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *Jones*, 226 F.3d at 333. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[3]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 328 F.3d at 333-34; *see also Wheeler*, 886 F.3d at 429 (setting forth similar requirements for challenges to sentences under savings clause). If any one of the requirements is not met, the

---

[2] Page citations refer to the pagination generated by the Court's electronic filing system (ECF).

[3] The Court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." *Wheeler*, 886 F.3d at 425. Patterson bears the burden of proving subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In evaluating the substantive law in a § 2255(e) savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019).

Patterson argues that in light of the Supreme Court's decision in *Rehaif*, his conviction under § 922(g) is invalid and his resulting incarceration is unlawful. (Dkt. No. 1 at 6; Dkt. No. 1-1 at 1.) He contends that his plea was not voluntarily and knowingly made because he was neither charged with nor pled guilty to all the elements of § 922(g), (Dkt. No. 1-1 at 1, 4-5), and that without knowledge of his relevant status he lacked the intent needed to make his behavior illegal, (*id.* at 2, 6).

Section 922(g) "provides that it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. §§ 922(g), 924(a)(2). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. According to Patterson, because the Government omitted the essential status element, he has been convicted of a non-existent crime. (Dkt. No. 1 at 6-7; Dkt. No. 1-1 at 1; Dkt. No. 11 at 3.)

As noted above, this Court may not entertain Patterson's § 2241 petition unless he can satisfy the conditions set forth in *Jones*. *See Asar v. Travis*, No. 6:20-cv-00394, 2020 WL

1099391, at *5 (D.S.C. Feb. 10, 2020) ("*Asar I*") ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or *In re Jones*."), *adopted by* 2020 WL 3843638 (D.S.C. July 8, 2020) ("*Asar II*").  "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with."  *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting *Wheeler*, 886 F.3d at 425).

Respondent argues that Patterson fails to satisfy the requirements of § 2241.  (Dkt. No. 8 at 1, 8-9.)  Specifically, respondent contends that Patterson cannot meet the second requirement of *Jones* because the conduct for which he was convicted remains criminal after *Rehaif*.  (*Id.* at 15-18.)[4]  Patterson contends that the Supreme Court's decision in *Rehaif* renders non-criminal the conduct on which his conviction was based.  (Dkt. No. 1 at 6; Dkt. No. 1-1 at 1-2.)

Since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal, *see, e.g.*, *Asar II*, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); *see also Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); *Hoffman v. Breckon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the

---

[4] Respondent agrees that Patterson satisfies the first and third requirements of the *Jones* test. (Dkt. No. 8 at 11 n.6.)

4

crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Patterson cannot meet the *Jones* requirements for use of § 2255's savings clause. Specifically, he cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Therefore, he may not proceed under § 2241. Accordingly, the Court lacks jurisdiction over Patterson's claim. *See Wheeler,* 886 F.3d at 423; *see also Prince v. Warden of Bennettsville Fed. Corr. Inst.*, No. 8:20-cv-00823, 2020 WL 3318294, at *3 (D.S.C. Mar. 23, 2020) ("Because Petitioner cannot show that the conduct for which he was convicted is no longer criminal, he cannot satisfy the second element of the savings clause test and this Court lacks jurisdiction over his Petition."), *adopted by* 2020 WL 3316088 (D.S.C. June 18, 2020).

Having found that the Court lacks jurisdiction over Patterson's *Rehaif* claim, I will dismiss his petition without prejudice.[5]

An appropriate order will be entered.

**ENTER**: This 30th day of August, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Based on this conclusion, I do not address respondent's remaining arguments.